1   WO

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   James McArthur Washington,    )   No. Civ. 06-0685-PHX-SMM (VAM)
                                  )
10          Petitioner,           )   **ORDER**
                                  )
11  vs.                           )
                                  )
12                                )
    Dora B. Schriro, et. al.,     )
13                                )
            Respondents.          )
14                                )
                                  )
15

16      Pending  before  the  Court  are  Petitioner's  "Motion  for
17  Reconsideration of Petitioner's Motion for Extension of Time to
18  File Reply to Answer to Petition for Writ of Habeas Corpus" (Doc.
19  25) and "Motion for Access to the Courts." (Doc 26). Respondents'
20  Response to Petitioner's Motion for Access to the Courts was filed
21  on October 26, 2006. (Doc. 27). The Court now denies Petitioner's
22  motions.

23      In his Motion for Reconsideration (Doc. 25), Petitioner re-
24  asserts the arguments previously offered in support of his Motion
25  for Extension of Time. (Doc. 23). He further alleges that the
26  prison law library is frequently closed. (Id.). He maintains that
27  he lacks the time and legal resources necessary to file a
28  meaningful reply. (Id.). Similarly, Petitioner's Motion for

1  Access to the Courts alleges that Petitioner has been denied access
2  to the authorities cited in Respondents' Answer. (Doc. 26).

3      Petitioner's arguments are unavailing.   Petitioner has had
4  sufficient time to file a reply.   Respondents' Answer to
5  Petitioner's Petition for Writ of Habeas Corpus was filed on August
6  29, 2006. (Doc. 16).  Petitioner was not required to file a reply
7  until October 20, 2006, nearly two months later. (Doc. 24).
8  Moreover, many of Petitioner's arguments were previously considered
9  by this Court in connection with Petitioner's initial request for
10  an extension of time.   (Docs. 23, 24).   The extension of time
11  granted by this Court on October 4, 2006, sufficiently protected
12  Petitioner's interests.    Nothing in Petitioner's Motion for
13  Reconsideration persuades this Court that additional time is
14  warranted.

15      Additionally, the Court is unpersuaded that Petitioner's alleged
16  inability to obtain legal materials rendered him unable to access
17  the courts or file a reply.   To establish a constitutional
18  violation based on inadequate access to legal assistance, an inmate
19  must show,

20
21      "that an actionable claim . . . which he desired to bring has
       been lost or rejected, or that the presentation of such a claim
       is currently being prevented, because this capability of filing
22      suit has not been provided..."

23
24  Lewis v. Casey, 518 U.S. 343, 355 (1996)(quoting Bounds v. Smith,
25  430 U.S. 817, 828 (1977).   Thus, to prevail on a claim of
26  insufficient legal access, a prisoner must esablish an actual
27  injury.   Lewis, 518 U.S. at 348-49.  Petitioner has not done so.
28

1      Petitioner's federal claims are adequately presented in his
2   Petition for Writ of Habeas Corpus. The substance of his claims is
3   apparent from the various documents filed with this Court.   Thus,
4   Petitioner has not shown that "shortcomings in library or legal
5   assistance program hindered his efforts to pursue a legal claim" as
6   required by Lewis.  Lewis, 518 U.S. at 351.

7      **IT IS THEREFORE ORDERED denying** Petitioner's "Motion for
8   Reconsideration on Motion for Extension of Time to File Reply to
9   Answer to Petition for Writ of Habeas Corpus" (Doc. 24);

10     **IT IS FURTHER ORDERED denying** Petitioners Motion for Access to
11   the Courts. (Doc. 26).

13   DATED this *1st* day of *November*   , 2006.

                                    Virginia A. Mathis
                                    United States Magistrate Judge